## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEBRASKA

| | |
|---|---|
| **DAVID VONSEGGERN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **8:06CV299** |
| v. ) | |
| ) | |
| **DALE E. RIESBERG,** ) | **ORDER** |
| **Personal Representative of the** ) | |
| **Estate of Todd E. Chapman,** ) | |
| **MARY LARUE and ARLENE LARUE,** ) | |
| ) | |
| **Defendants.** ) | |

This matter is before the court *sua sponte*, pursuant to NECivR 41.1, which states in pertinent part: "The court may at any time dismiss an action for lack of prosecution when it appears it is not being prosecuted with reasonable diligence." The record reveals the complaint was filed on March 31, 2006, and service of the summons was executed on Mary Larue on April 12, 2006. **See** Filing Nos. 1 & 5. There is no evidence Arlene Larue was served. However, it appears Dale Riesberg entered an appearance on behalf of all of the defendants, but only filed an answer on behalf of himself as the personal representative of Mr. Chapman. **See** Filing Nos. 6, 11, and 13. In any event, it remains the plaintiff's duty to go forward in prosecuting the case by, for example, filing a motion for the Clerk's entry of default pursuant to Fed. R. Civ. P. 55 and NECivR 55.1(a). Upon consideration,

**IT IS ORDERED:**

The plaintiff shall show cause why this case should not be dismissed for failure to prosecute with regard to Mary Larue and Arlene Larue. The showing of cause shall be filed electronically on or before the close of business **on September 18, 2006**.

DATED this 24th day of August, 2006.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge