**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| **DAVID VONSEGGERN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **8:06CV299** |
| v. ) | |
| ) | |
| ) | **ORDER** |
| **MARY LARUE and ARLENE LARUE,** ) | |
| ) | |
| **Defendants.** ) | |

This matter is before the court *sua sponte*, pursuant to NECivR 41.1, which states in pertinent part: "The court may at any time dismiss an action for lack of prosecution when it appears it is not being prosecuted with reasonable diligence." The record reveals the complaint was filed on March 31, 2006, and service of the summons was executed on Mary Larue and Arlene Larue. On September 18, 2006, a Clerk's entry of default was entered against Mary Larue. **See** Filing No. 22. On November 21, 2006, a Clerk's entry of default was entered against Arlene Larue. **See** Filing No. 25. Since that time, the plaintiff accepted an offer of judgment by a third defendant and judgment was entered accordingly. **See** Filing Nos. 27, 28 and 32.

In any event, it remains the plaintiff's duty to go forward in prosecuting the case by, for example, filing a motion for entry of judgment against Mary Larue and Arlene Larue, pursuant to Fed. R. Civ. P. 55(b) and NECivR 55.1(b) or (c). Alternatively, the plaintiff may voluntarily dismiss the action against these defendants pursuant to Fed. R. Civ. P. 41(a) or be subject to involuntary dismissal pursuant to Fed. R. Civ. P. 41(b). Upon consideration,

**IT IS ORDERED:**

The plaintiff shall take appropriate action against the remaining defendants or show cause why this case should not be dismissed for failure to prosecute with regard to Mary Larue and Arlene Larue on or before the close of business **on April 20, 2007**.

DATED this 6th day of April, 2007.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge